IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRIAN ETHERIDGE and SHARAMANE ETHERIDGE, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CASE NO. |
| v. | : | 5:25-cv-00464-CAR |
| | : | |
| HOUSTON COUNTY GEORGIA; SHERIFF JOHN DOE, in his individual and official capacity; and DEPUTY JOHN DOE, in his individual capacity | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

Currently before the Court is *pro se* Plaintiff Sharamane Etheridge's Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Having reviewed Plaintiff's financial Affidavit, she does not qualify for IFP status, and therefore her Motion to Proceed IFP [Doc. 2] is **DENIED. If Plaintiff wishes to proceed with this action, she must pay the full $405.00 filing fee within fourteen (14) days of the date of this Order, or this action will be DISMISSED without prejudice.**

1

**DISCUSSION**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of h[er] poverty, [s]he is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and h[er] dependents."[4]

Plaintiff's statements do not meet the requirements for poverty. In her financial affidavit, Plaintiff, who is married, reports that she received an average monthly income from her retirement and disability payments during the past 12 months of $7,900.00 and

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

expects to receive $7,900.00 per month in the future; she receives $6,500 per month from her retirement and $1,400 per month from her disability payments, and her spouse has no monthly income, which amounts to, at least, $7,900.00 of household monthly income. Plaintiff states she has a son, age 5, and a daughter, age 13, who rely on her for support.

The 2026 Federal Poverty Guideline for a four-person household is $2,750.00 per month.[5] Plaintiff's household income exceeds the poverty guideline. Although Plaintiff avers that her monthly expenses exceed her monthly income, Plaintiff's expenses include $400.00 per month for entertainment and recreation, $350.00 per month for credit card payment, and $600.00 for transportation costs that do not include her $3,600.00 per month car payment. Plaintiff owns a home valued at $540,000.00, a 2021 Toyota Sienna valued at $40,000.00, and a 2021 GMC Sierra valued at $50,000. The Court finds Plaintiff generates a sufficient monthly income to pay the filing fee, which is $405.00.

Plaintiff does not qualify as a pauper under §1915, and her Motion for IFP is **DENIED**.

**CONCLUSION**

For the reasons explained above, Plaintiff's Motion to Proceed IFP [Doc. 2] is **DENIED. If Plaintiff wishes to proceed with this action, she must pay the full $405.00**

---

[5] 2026 HHS Poverty Guidelines, https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf. (visited February 5, 2026).

**filing fee within fourteen (14) days of the date of this Order, or this action will be**

**DISMISSED without prejudice.**

SO ORDERED, this 9th day of April, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT