**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **BRIAN ETHERIDGE and SHARAMANE ETHERIDGE,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Case No.: 5:25-cv-464-CAR** |
| **HOUSTON COUNTY, GEORGIA, SGT. SHANE BROOME, and SHERIFF MATT MOULTON,** | : | |
| **Defendants.** | : | |

**ORDER ON PLAINTIFFS' SERVICE-RELATED MOTIONS**

Currently before the Court are *pro se* Plaintiffs Brian Etheridge and Sharamane Etheridge's Motion for Service of Process by the United States Marshals Service ("USMS") and Motion to Correct Service Addresses on Summonses. For the reasons explained below, Plaintiffs' Motion for Service by the USMS [Doc. 19] is **DENIED**, and Plaintiffs' Motion to Correct Summonses [Doc. 21] is **GRANTED**.

**Motion for Service of Process by USMS [Doc. 19]**

Plaintiffs ask the Court to order the USMS to serve all Defendants, asserting that "multiple governmental [D]efendants" and the "conventionally filed digital exhibits"

attached to their First Amended Complaint warrant marshal service.[1] The Court disagrees. Under Federal Rule of Civil Procedure 4(c)(3), the Court may order service by a marshal or specially appointed person at a plaintiff's request.[2] But it must do so only when the plaintiff proceeds in forma pauperis under 28 U.S.C. § 1915 or as a seaman under § 1916.[3] Otherwise, marshal service is discretionary.[4] Courts generally require plaintiffs to first attempt service by another Rule 4 method,[5] absent a need for law-enforcement presence to maintain the peace.[6] Plaintiffs are not proceeding in forma pauperis or as seamen, have not attempted service by another authorized method, and do not assert that law-enforcement involvement is necessary. Accordingly, the Court **DENIES** Plaintiffs' Motion [Doc. 19].

**Motion to Correct Service Addresses on Summonses [Doc. 21]**

Plaintiffs ask the Court to direct the Clerk of Court to reissue summonses to Defendants at their corrected addresses.[7] Plaintiffs represent they moved to correct the

---

[1] Doc. 19.
[2] Fed. R. Civ. P. 4(c)(3).
[3] *Id.*
[4] *Id.*
[5] *See Bax v. Exec. Off. for U.S. Att'ys*, 216 F.R.D. 4, 4 (D.D.C. 2003) (citing *Jones v. Goodman*, 1992 WL 185634, at *1 (E.D.Pa. July 20, 1992); 4A Wright & Miller's Federal Practice & Procedure § 1090 (4th ed.)); *see also* 4A Wright & Miller's Federal Practice & Procedure § 1090 (4th ed.) ("[B]efore requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint. Requiring that the first attempt at service should be by another means was intended to reduce the burden on the federal marshals.").
[6] *See* Fed. R. Civ. P. 4(c) advisory committee's note to 1993 Amendments.
[7] Doc. 21.

summonses promptly after discovering the correct addresses. Accordingly, the Court **GRANTS** Plaintiffs' Motion [Doc. 21].

## CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Marshals Service [Doc. 19] is **DENIED**, and Plaintiffs' Motion to Correct Summonses [Doc. 21] is **GRANTED**.

**SO ORDERED,** this 3rd day of September, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT