**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | | |
|---|---|---|
| **BRIAN ETHERIDGE and SHARAMANE ETHERIDGE,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **CIVIL ACTION No. 5:25-CV-464 (CAR)** |
| **HOUSTON COUNTY GEORGIA, SGT SHANE BROOME, and SHERIFF MATT MOULTON,** | : | |
| **Defendants.** | : | |

**ORDER DENYING PLAINTIFFS' MOTIONS TO SEAL**

Before the Court are *pro se* Plaintiffs Brian Etheridge and Sharamane Etheridge's Motion to Seal Exhibits A-O filed in support of their original Complaint [Doc. 4] and Motion to Redact and Seal their original Complaint [Doc. 5]. Because Plaintiffs fail to show good cause, the Court **DENIES** both Motions.

It is well-settled in the Eleventh Circuit that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," and the integrity of the judiciary is maintained by the public's right of access to court proceedings.[1] "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but

[1] *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted).

also the public's case."[2] Accordingly, there is a presumptive right of public access to public records and documents filed in judicial proceedings.[3] But "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."[4] In that regard, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."[5]

First, Plaintiffs argue good cause exists to seal Exhibits A-O filed in support of their original Complaint, because the exhibits contain their home address, personal email addresses, personal phone numbers, financial data, vulnerable household information, disability-related medical information, PTSD and mental-health impacts, and internal body-cam descriptions of disability.[6] They contend that releasing this information online would create immediate safety risks and invite harassment because Plaintiff Sharamane Etheridge is a disabled veteran, and this lawsuit is a civil rights action against law

---

[2] *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).
[3] *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.") (citation omitted); *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("[B]oth judicial proceedings and judicial records are presumptively available to the public[.]") (citation omitted); *see also Romero*, 480 F.3d at 1246 ("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.") (citation omitted).
[4] *Romero*, 480 F.3d at 1246 (internal quotation omitted) (citation omitted).
[5] *Id.* (citations omitted).
[6] Doc. 4.

enforcement officers.[7] But Plaintiffs present no evidence that they are more at risk of harassment or intimidation than any other plaintiff bringing a civil rights action.[8] The exhibits do not contain bank records, medical records, or any other documents related to vulnerable household information.[9] And the exhibits do not contain information regarding minors, financial data, or other sensitive information such as taxpayer-identification numbers, birth dates, or social security numbers.[10] Most exhibits merely describe the contents of publicly-available records, such as body-cam footage, and contain legal arguments connected to evidentiary summaries.[11] Thus, the Court finds Plaintiffs have not shown good cause to overcome the presumption in favor of public access.

Second, Plaintiffs argue good cause exists to seal and redact information from their original Complaint because it contains Plaintiffs' full legal names, full home addresses, and other unspecified identifying information.[12] Again, Plaintiffs assert they face potential retaliation, harassment, and threats from filing their civil rights action, but they present no evidence.[13] Thus, the Court finds Plaintiffs have not shown good cause to overcome the presumption in favor of public access.

---

[7] *Id.*
[8] *Id.*
[9] Docs. 3, 3-1, 3-2.
[10] Doc. 3-2.
[11] *Id.*
[12] Doc. 5.
[13] *Id.*; Doc. 1.

Accordingly, the Court **DENIES** Plaintiffs' Motion to Seal Exhibits A-O filed in support of their original Complaint [Doc. 4] and Motion to Redact and Seal their original Complaint [Doc. 5].

**SO ORDERED,** this 30th day of September, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT